JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08510-SVW-PD | Date | January 5, 2026 |
|---|---|---|---|
| Title | *Juan Barrera Farret v. Ford Motor Company et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Daniel Tamayo | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**     ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [18]

### I.     Introduction

Before the Court is a motion to remand filed by Plaintiff Juan Barrera Farret. Motion to Remand ("Mot."), ECF No. 18. For the following reasons, Plaintiff's motion is GRANTED.

### II.    Background

Plaintiff purchased a 2022 Ford Ranger, VIN 1FTER4FH1NLD54132 (the "Subject Vehicle"), on December 27, 2022. Complaint ("Compl."), ECF No. 1-1 ¶ 9. The Subject Vehicle allegedly came with express written warranties, whereby Defendant Ford Motor Company ("Ford") agreed to maintain utility of the vehicle. *Id*. ¶¶ 6, 10. The Subject Vehicle allegedly did then manifest defects covered by the warranty during the warranty period. *Id*. ¶¶ 59-63. Plaintiff allegedly on numerous occasions delivered the Subject Vehicle for repair regarding these defects. *Id.*

Subsequently, on December 16, 2024, Plaintiff filed suit in Superior Court of California, County of Los Angeles, alleging Song-Beverly Act and fraudulent inducement causes of action against Ford, and a negligent repair cause of action against Defendant AutoNation Ford Torrance ("AutoNation"). *Id.* ¶¶ 64-125. Defendant Ford removed this case to federal court on September 8, 2025, on the basis of diversity jurisdiction. Notice of Removal ("Rem."), ECF No. 1. Plaintiff responded on November 14, 2025, with the instant motion to remand. *See* Mot.

:

Initials of Preparer   DTA

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08510-SVW-PD | Date | January 5, 2026 |
|---|---|---|---|

| Title | *Juan Barrera Farret v. Ford Motor Company et al* |
|---|---|

### III. Legal Standard

"Federal courts are courts of limited jurisdiction . . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As such, a federal court can only exercise jurisdiction over actions where a federal question exists, or where there is (1) complete diversity of citizenship between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1441(a), "a defendant may remove any action filed in state court if a federal district court would have had original jurisdiction." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2021). The Ninth Circuit strictly construes the removal statute against removal, and jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1997). Accordingly, there is a strong presumption against removal jurisdiction that results in the defendant shouldering the burden of establishing that removal is proper. *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir.1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988)). The burden includes "actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.* at 567. (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

### IV. Discussion

Ford removed this case by invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Rem. at 4. Diversity jurisdiction requires that the removing party demonstrate that there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)-(a)(1). The parties dispute both elements of diversity jurisdiction. However, for the purposes of this motion to remand, the Court need only address whether complete diversity exists.

For there to be complete diversity, "each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Here, the parties do not dispute that Plaintiff is a citizen of California, Defendant Ford is a citizen of Delaware, and Defendant AutoNation Ford Torrance is a citizen of California. *See* Compl. ¶¶ 3-4; Mot. at 4. Accordingly, assuming all defendants were properly named, there is no complete diversity in this case—both Plaintiff and AutoNation Ford Torrance are citizens of California.

| | : |
|---|---|
| Initials of Preparer | DTA |

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08510-SVW-PD | Date | January 5, 2026 |
|---|---|---|---|
| Title | *Juan Barrera Farret v. Ford Motor Company et al* | | |

But this facial lack of diversity does not end the Court's analysis. This is because "[i]n determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare*, 889 F.3d at 548. That is exactly what Ford contends here: that AutoNation Ford Torrance is a fraudulently joined defendant such that its California citizenship does not undermine complete diversity.

The Court thus turns to the question central to Plaintiff's remand motion: is AutoNation Ford Torrance a fraudulently joined defendant? "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability to establish a cause of action against the non-diverse party in state court." *Id.* at 548. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). To make this showing, "[t]he defendant seeking removal to federal court is entitled to present facts showing the joinder to be fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

Ford argues that AutoNation is fraudulently joined under the second prong: that Plaintiff cannot establish a cause of action for negligent repair against it. Making this showing requires proving "that an individual joined in the action cannot be liable on any theory." *Grancare, LLC*, 889 F.3d at 548. "[I]f there is [even] a *possibility* that a state court would find the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Id.* (emphasis in original). Indeed, the inability to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Systems v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002). These high standards reflect the principle that "a defendant invoking federal diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding fraudulent joinder." *Grancare, LLC*, 889 F.3d at 548. (quotations omitted) (cleaned up). Ford fails to establish that AutoNation is a fraudulent defendant.

Ford first argues that AutoNation is fraudulently joined because the complaint does not state a negligence cause of action against it. To establish a negligence claim, Plaintiff would have to prove duty, breach of duty, causation and damages. *Burgess v. Superior Ct.*, 2 Cal. 4th 1064, 1072 (1992). Ford argues Plaintiff does not allege what damages were suffered or how they were caused by AutoNation. Defendant's Opposition to Mot. ("Opp."), ECF No. 19, at 5. The question for the Court, however, is not whether Plaintiff **has** sufficiently stated a claim for negligent repair—it is whether it is **possible** that Plaintiff **could** state such a claim. *See Grancare*, 889 F.3d at 548 ("[I]f there is a *possibility* that a state court would find the complaint states a cause of action against any of the resident defendants, the federal

|   |   : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08510-SVW-PD | Date | January 5, 2026 |
|---|---|---|---|
| Title | *Juan Barrera Farret v. Ford Motor Company et al* | | |

court must find that the joinder was proper and remand the case to state court."). Indeed, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Id.* at 549. Accordingly, even "[i]f a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there." *Id.* at 550. The district court "must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* Plaintiff could easily cure the deficiencies in his claim by including additional allegations of the Subject Vehicle's presentation to AutoNation and how the repair caused Plaintiff's damages. There is thus no reason to doubt Plaintiff's ability to cure his negligence claim through amendment.

Ford next argues that Plaintiff's negligent repair claim is barred as a matter of law even if he could cure it through amendment because of the economic loss rule and the independent tort principle. Mot. at 6-12.

"[T]he economic loss rule provides [that] where a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only 'economic' losses." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal.4th 979, 988 (2004). However, there are numerous exceptions to the economic loss rule that would still allow a plaintiff to sue in a tort action. For example, the California Supreme Court has held that "the economic loss rule does not necessarily bar recovery in tort for damage that a defective product (e.g., a window) causes to other portions of a larger product (e.g., a house) into which the former has been incorporated." *Jimenez v. Super. Ct. of San Diego Cty.*, 29 Cal. 4th 473, 483 (2002). Plaintiff alleges defects with various components of the Subject Vehicle, including the suspension and transmission. The economic loss rule would thus not bar Plaintiff from recovery in tort for damage that "these subcomponents cause to other subcomponents or the vehicle as a whole." *See Reyes v. FCA US LLC*, 2020 WL 7224286, at *9 (E.D. Cal. Dec. 8, 2020) (collecting cases finding the same).

"District courts in California 'have been virtually unanimous in rejecting the argument that a dealer is fraudulently joined because the economic loss rule bars a negligent repair claim.'" *Cortez v. Nissan N. Am., Inc.*, 2024 WL 5054378, at *6 (C.D. Cal. Dec. 10, 2024) (quoting *Andrade v. Ford Motor Co.*, 2023 WL 2586302, at *5 (S.D. Cal. Mar. 20, 2023)). The Court finds no basis to depart from other district court's interpretation of this issue as Plaintiff could *possibly* state a claim for negligent repair against AutoNation by pleading an exception to the economic loss rule. Ford has not met its "heavy burden" of rebutting the "general presumption against finding fraudulent joinder." *See Grancare*, 889 F.3d at 548.

| | : | |
|---|---|---|
| Initials of Preparer | DTA | |

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08510-SVW-PD | Date | January 5, 2026 |
|---|---|---|---|
| Title | *Juan Barrera Farret v. Ford Motor Company et al* | | |

Ford next relies on *Rattagan v. Uber Technologies, Inc.* to argue the independent tort principle bars Plaintiff's negligent repair claim against AutoNation. 17 Cal.5th 1 (2024). There, the California Supreme Court said:

> [T]ort recovery for breach of a contract duty is generally barred unless two conditions are satisfied. A plaintiff must first demonstrate the defendant's injury-causing conduct violated a duty that is independent of the duties and rights assumed by the parties when they entered the contract. Second, the defendant's conduct must have caused injury to persons or property that was not reasonably contemplated by the parties when the contract was formed.

*Id.* at 20-21.

According to Ford, the argument proceeds as follows. Given the sole claim against AutoNation is one for negligent repair, and the only plausible duty AutoNation could have owed to Plaintiff was one that arose from Plaintiff's warranty or a contract for the repair of the vehicle, there is no possibility Plaintiff could state a claim against AutoNation.

In fact, this is the reasoning relied upon by the district court in *Bakhtiari v. Nissan N. Am., Inc.* when the court found that the dealer-defendant was fraudulently joined because the independent tort principle barred plaintiff's negligent repair claim. 2025 WL 2380964, at *1 (N.D. Cal. Aug. 15, 2025). Ford and the *Bakhtiari* court, however, never addressed how the exceptions to the economic loss rule—like the component exception highlighted *supra*—should be applied post-*Rattagan*, especially in light of the California Supreme Court's emphasis that the "economic loss rule is best understood as a specific application of the . . . independent tort principle." *Rattagan*, 17 Cal.5th at 26. In other words, it is unclear under California law whether the independent tort principle would bar Plaintiff's negligent repair claim against AutoNation when Plaintiff may be able to allege that an exception to the economic loss rule applies.

The Court thus joins the other district courts in California that have found post-*Rattagan* that "there is a possibility that a state court would find that the complaint states a cause of action' against [AutoNation], or that a state court would determine that any deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Acosta v. Nissan N. Am., Inc.*, 2025 WL 2835462, at *2 (C.D. Cal. Oct. 6, 2025) (internal quotation marks and citations omitted); *see Luera v. Ford Motor Co.*,

| | : | |
|---|---|---|
| Initials of Preparer | DTA | |

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08510-SVW-PD | Date | January 5, 2026 |
|---|---|---|---|
| Title | *Juan Barrera Farret v. Ford Motor Company et al* | | |

2025 WL 2992483, at *3 (C.D. Cal. Oct. 23, 2025). While it is certainly possible any amendments would not bear fruit, that his claims may ultimately fail does not mean that, as a matter of law, it is "obvious according to the well-settled rules" of California that Plaintiff cannot possibly state a claim against AutoNation. *See Grancare*, 889 F.3d at 549.

Finally, Ford contends that AutoNation has been fraudulently joined because Plaintiff furnished no facts to prove the "legally barred" forms of damages he supposedly seeks to recover. Opp. at 12. This contention presumes Plaintiff would not be able to cure his complaint through amendment and would require the Court to consider documents outside the pleadings and produced during discovery, which is ongoing. On the record before it, the Court cannot conclude that Plaintiff failed to sufficiently allege damages such that AutoNation was fraudulently joined. *Luera*, 2025 WL 2992483, at *3.

As Plaintiff can possibly state a valid claim against AutoNation through amendment, and as the Court does not find that the economic loss rule or independent tort principle bar the claim at this time, the Court does not find that AutoNation was fraudulently joined. Because the Court finds no fraudulent joinder, there is not complete diversity in this case, as both Plaintiff and AutoNation are California citizens. Without complete diversity, there is no diversity jurisdiction, meaning the Court must remand the case. The Court declines to sever the claim against AutoNation, in furtherance of judicial economy. *See id.*

## V.  Conclusion

For the foregoing reasons, Plaintiff's motion is GRANTED. Accordingly, this case is REMANDED to the California Superior Court, County of Los Angeles for further proceedings. The motion hearing set for January 5, 2026, is VACATED.

**IT IS SO ORDERED.**

:

Initials of Preparer   DTA